State of Connecticut *v.* Willmont J. Langley, Jr.

Review Division of the Superior Court

Decided June 30, 1965

*Sanford Glassman,* of New London, for the defendant.

*Nicholas P. Kalenak,* assistant prosecutor, for the state.

By the Division. The defendant, then sixteen years of age, pleaded guilty to three charges that he did on May 11, 1964, on May 15, 1964, and on July 13, 1964, take a motor vehicle without the owner's permission in violation of § 14-229 of the General Statutes, which prescribes a fine of not more than $1000 or imprisonment for not more than a year, or both, for a first violation, imprisonment for not more than ten years for a second violation, and imprisonment for not more than fifteen years for each subsequent violation. He also pleaded guilty to two counts of operating without a license (§ 14-36 [a], as amended), to two counts of passing a stop sign (§ 14-301, as amended), to reckless driving (§ 14-222), and to improper use of marker plates (§ 14-147, as amended). He was awaiting sentence on July 13, 1964, on two charges of taking a motor vehicle without the owner's permission and

on one charge of operating without a license when he committed the other offenses on July 13, 1964.

On July 15, 1964, the Circuit Court sentenced the defendant to the Connecticut reformatory on each of the charges of taking a motor vehicle, and suspended the imposition of sentence on each of the other charges. An offender sentenced to the reformatory by the Circuit Court may be detained not more than two years (§ 17-391, as amended) and is eligible for parole after nine months, provided he has a satisfactory institutional record.

The Juvenile Court refused to accept jurisdiction of the defendant. He has admitted being involved in the taking of five cars. He told the investigating probation officer that he has a master key to the ignition of many 1959 Fords but added that he has never used this key as he does not like Ford cars. His juvenile record started in 1955, when he was eight years old, and continued steadily thereafter. On one occasion he was committed to the Connecticut school for boys. On another occasion he was committed to a correctional institution in Massachusetts. In view of the nature and number of the offenses involved at the time sentence was imposed, and the lengthy juvenile record of the defendant, it is difficult to see how the court could have imposed any sentence other than commitment to the reformatory. The sentence is fair and just, and should stand.

We note that the record in this case does not contain a transcript of the proceedings at the time sentence was imposed, and we are informed that a reporter was not present. In such proceedings in the Circuit Court, the presence of a court reporter is mandatory only when it is requested by a party. General Statutes § 51-70a. While in the present case the basis of the court's action is so obvious

that we feel we can nevertheless review the sentence and do justice to the defendant, we strongly urge that a transcript of sentencing proceedings be available to this Review Division in each case where the defendant has a right to apply for a review of his sentence pursuant to § 51-195, as amended. Otherwise, the division may be seriously handicapped in the performance of its functions.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.